| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Ure Law Firm, APC<br>8280 Florence Ave., Suite 200<br>Downey, CA 90240<br>Telephone: (213) 202-6070<br>Facsimile: (213) 202-6075<br>Thomas B. Ure, SBN: 170492<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>MEIR SIBONI,<br><br><br><br>            Debtor(s). | CASE NO.: 2:23-bk-18208-NB<br>ADVERSARY NO.:<br>(*if applicable*)<br>CHAPTER: 1**Select Chapter** |
|---|---|
| <br><br>            Plaintiff(s) (*if applicable*).<br>vs.<br><br><br><br>            Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): MEIR SIBONI

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order Dismissing Case With Permanent Bar and Concurrent (Backup) Bar of 180 Days Under 11 U.S.C. § 109(g)(1)

2. State the date on which the judgment—or the appealable order or decree—was entered: 11/25/2025

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Frank Menlo, Frank Menlo, Trustee of the Menlo Trust U/T/I February 22, 1983; and Miracle Mile Properties, LP

   Attorney:

   CHORA YOUNG & MANASSERIAN LLP
   Attn: Kevin Ronk
   281 E. Colorado Blvd., #378
   Pasadena, CA 91101
   Tel: (626) 744-1838
   Fax: (626) 744-3167

2. Party: United States Trustee

   Attorney:

   Ron Maroko
   915 Wilshire Blvd., Suite 1950
   Los Angeles, CA 90017

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

/s/ Thomas B. Ure                                                             Date: 12/09/2025
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**CHORA YOUNG & MANASSERIAN LLP**
Paul P. Young, Esq., CFE (SBN: 257571)
Email: paul@cym.com
Joseph Chora, Esq. (SBN: 284700)
Email: joseph@cym.com
Kevin Ronk, Esq. (SBN: 241598)
Email: kevin@cym.com
281 E. Colorado Blvd, #378
Pasadena, CA 91101
Tel.: (626) 744-1838 / Fax: (626) 744-3167

**FILED & ENTERED**

**NOV 25 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** llewis    **DEPUTY CLERK**

Attorneys for Creditor Frank Menlo, Frank Menlo, Trustee of the Menlo Trust U/T/I February 22, 1983; and Miracle Mile Properties, LP

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MEIR SIBONI,<br><br>          Debtor. | Case No.: 2:23-bk-18208-NB<br><br>Chapter 11<br><br>**ORDER DISMISSING CASE WITH PERMANENT BAR AND CONCURRENT (BACKUP) BAR OF 180 DAYS UNDER 11 U.S.C. § 109(g)(1)**<br><br>Hearing:<br>Date:   November 18, 2025<br>Time:  1:00 p.m.<br>Place:  Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br>(or via ZoomGov per posted procedures) |

At the time and place set forth above, this Court held a hearing on its "Order Directing Debtor to Appear and Show Cause Why This Court Should Not Convert This Case to Chapter 7 and/or Impose Other or Additional Remedies" (dkt. 274, the "OSC"). Appearances were as noted on the record.

-1-

Having considered the arguments set forth in the responsive papers filed by debtor and debtor in possession Meir Siboni ("Debtor")(dkt. 278) and Frank Menlo (dkt. 279), the Court's "Order Granting, In Part, and Continuing, In Part, Motion for Order Dismissing Debtor's Chapter 13 Case With Prejudice" (dkt. 97), "Order Granting, In Part, Motion for Order Dismissing Chapter 13 Debtor's Bankruptcy Case With Prejudice and Converting Case to Chapter 11" (dkt. 109), "Order Directing the Appointment of Examiner Under 11 U.S.C § 1149(c) in Accordance With Court's Status Conference" (dkt. 160), the "Examiner's Preliminary Status Report Dated August 22, 2025" (dkt. 262) and the arguments set forth on the record at the hearing, and based on the findings of fact and conclusions of law set forth on the record pursuant to Rule 52(a)(1)(Fed. R. Civ. P., incorporated by Rules 7052 and 9014(c), Fed. R. Bankr. P.) and pursuant to this Court's Procedures Order (dkt.108) and for the reasons set forth in this Court's tentative ruling for November 18, 2020 (the "Tentative") attached hereto as Exhibit A and incorporated herein as modified by herein, it is hereby

ORDERED that the Court's Tentative is modified as follows and adopted as the ruling of this Court:

(j) the reference in section 1(a) of the Tentative to the docket number of the "Order directing appointment of examiner" is changed from "(dkt. 169)" to "(dkt. 160)"; and

(ii) the following sentence appearing in section 1(b) of the Tentative: "Among other things, the tentative ruling is that he Examiner, the Examiner's accountant, the Examiner's attorneys, and any and all other parties who may have administrative claims should have through 12/18/25 to file and serve applications for allowance of their fees and expenses and to lodge a proposed judgment against the Debtor for the same" is changed to "Among other things, the tentative ruling is that the Examiner, the Examiner's accountant, and the Examiner's attorneys may assert claims for fees and costs incurred through 12/18/2025",

and it is

FURTHER ORDERED that the case is DISMISSED for "cause" under 11 U.S.C. §§ 1112(b)(1) and (b)(4), and it is

FURTHER ORDERED that the Debtor is permanently prohibited from being a debtor in bankruptcy under any chapter pursuant to 11 U.S.C. §§ 349(a), and 105 and this Court's inherent powers to manage its own docket unless it first obtains a further order of this Court by the filing of a motion, set on regular notice. *See* 11 U.S.C. §§ 105(a) and 349(a); *In re Glover*, 537 Fed. Appx. 741 (9th Cir. 2013) (affirming dismissal with a five-year bar to refiling under 11 U.S.C. § 105(a)); *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir.1999) (affirming dismissal with prejudice based on finding of bad faith, considering whether debtor misrepresented facts, unfairly manipulated Code, or otherwise filed his petition or plan in inequitable manner; debtor's history of filings and dismissals; whether the debtor intended to defeat state court litigation; and whether egregious behavior is present), and it is

FURTHER ORDERED that concurrently (as a backup) with the permanent prohibition of being debtor in bankruptcy, Debtor is prohibited from being a debtor in bankruptcy under any chapter for 180 days from the date of entry of this order pursuant to 11 U.S.C. § 109(g)(1), and it is

FURTHER ORDERED that a post-dismissal status conference shall be held on January 20, 2026, at 1:00 p.m. PST, unless further ordered or continued by the Court. No written status reports are required in advance of the status conference, and it is

FURTHER ORDERED that upon conclusion of the post-dismissal status conference, a~~ final decree and~~ n order closing the Debtor's bankruptcy case shall be entered, and it is

FURTHER ORDERED that the Examiner, Examiner's accountants and Examiner's attorneys may assert claims for fees and costs incurred through 12/18/2025, and it is

FURTHER ORDERED that the Examiner, Examiner's accountants and Examiner's attorneys and any and all other persons asserting administrative claims may have such claims heard on January 20, 2026 at 1:00 p.m. PST, provided such claimant timely files and serves an application for allowance of administrative claim by no later than December 30, 2025. Interested parties shall have until January 6, 2025 to file and serve an opposition to such application and replies shall be filed and served by no later than January 13, 2026, and it is

FURTHER ORDERED that notwithstanding the foregoing deadline to file applications for allowance of administrative claims, all administrative claimants may elect not to expend the

additional time and expense of pursuing such relief at this time, without prejudice to seeking such relief or any other appropriate relief at any point in the future, including (i) from this Court after dismissal and closing of this case, without having to reopen or vacate the dismissal of this case, or (ii) from any other court or other forum of competent jurisdiction, and it is

FURTHER ORDERED that notwithstanding the dismissal of this case, this Court retains jurisdiction <u>over</u> any post-dismissal matters to the full extent provided by LBR 1017-2(f), including with respect to any damages, sanctions, or other issues that might arise with respect to this case, and it is

FURTHER ORDERED that nothing in this dismissal order should be construed as mooting any motions that seek in rem or retroactive relief from the automatic stay. Without further notice, and with or without any written order, this Court may determine that any other pending motion or adversary proceeding is or is not mooted by the dismissal of this case. See *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Casamont Investors, Ltd.*, 196 B.R. 517, 522-26 (9th Cir. BAP 1996), and it is

FURTHER ORDERED that dismissal of this case terminates the automatic stay as a matter of law under 11 U.S.C. § 362(c)(1) & (2)(B).

###

Date: November 25, 2025

Neil W. Bason
United States Bankruptcy Judge

# EXHIBIT A

## United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

---

**Tuesday, November 18, 2025**                                                                 **Hearing Room    1545**

### 1:00 PM
**2:23-18208    Meir Siboni**                                                                                 **Chapter 11**

    **#5.00**    Order directing debtor to appear and show cause why
this court should not convert this case to Chapter 7
and/or impose other or additional remedies

                      Docket    274

**Tentative Ruling:**

  Please see the tentative ruling for the status conference (Calendar No. 6, 11/18/25 at 1:00 p.m.).

| Party Information |
|---|

**Debtor(s):**

  Meir  Siboni                                       Represented By
                                                             Thomas B Ure

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, November 18, 2025                                                          Hearing Room    1545

1:00 PM
2:23-18208    Meir Siboni                                                                         Chapter 11

#6.00    Cont'd status conference re: Chapter 11 Case
fr. 6/4/24, 6/25/24, 7/9/24, 07/30/24, 8/6/24, 9/24/24,
12/3/24, 12/10/24, 1/21/25, 2/11/25, 3/18/25, 5/27/25,
5/20/25, 07/15/25, 9/23/25, 10/21/25


Docket    109

**Tentative Ruling:**

**Tentative Ruling for 11/18/25:**
Dismiss this case with a permanent bar against being a debtor in bankruptcy, and with judgments against Debtor and in favor of each administrative claimant for their fees and expenses, and continue the status conference for any post-dismissal matters as set forth below. Appearances are not required on 11/18/25. (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted Tentative Rulings.

(1) Current issues
    (a) Order to show cause (dkt. 274, "OSC"); Debtor's response (dkt. 278), Response of Frank Menlo (dkt. 279, "Menlo Response")
    The tentative ruling is that, for each of the reasons set forth below, "cause" exists under 11 U.S.C. 1112(b)(1) and (b)(4), 349(a), 105, and this Bankruptcy Court's inherent powers to manage its own docket to dismiss this case and to impose a permanent bar, with a concurrent (backup) bar of 180 days under 11 U.S.C. 109(g)(1). The tentative ruling is that such relief, rather than conversion to chapter 7 or other relief, is in the best interests of creditors.
    First, the reasons stated in the OSC and this Court's prior orders

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, November 18, 2025**                                                                 **Hearing Room    1545**

**1:00 PM**
**CONT...        Meir Siboni                                                                                    Chapter 11**

documenting the abuses in this case are sufficient for such relief.  *See* Order on motion to dismiss case (dkt. 97); additional Order re same (dkt. 109); *and* Order directing appointment of examiner (dkt. 169).  *See also* 11 U.S.C. 105(a), 109(g)(1), 349(a) and 1112(b)(4)(A) (substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation); (B) (gross mismanagement of the estate); (E) (failure to comply with an order of the court); (F) (unexcused failure to satisy timely all reporting requirements, because of failure to disclose on monthly operating reports the missing information highlighted by the Examiner); *and see also In re Glover*, 537 Fed. Appx. 741 (9th Cir. 2013) (affirming dismissal with a five-year bar to refiling under 11 U.S.C. 105(a)); *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999) (affirming dismissal with prejudice based on finding of bad faith, considering whether debtor misrepresented facts, unfairly manipulated Code, or otherwise filed his petition or plan in inequitable manner; debtor's history of filings and dismissals; whether the debtor intended to defeat state court litigation; and whether egregious behavior is present).

      Second, Examiner's latest report (dkt. 262) highlights (a) Debtor's willful attempts to hinder, delay, and defraud creditors by concealing information and property, (b) Debtor's unjustified concealment of and failure to keep recorded information from which his financial information or business transactions might be ascertained; (c) Debtor's false oaths and accounts in failing to disclose accurate information on sworn bankruptcy schedules and monthly operating reports ("MORs"), (d) Debtor's withholding of information and documents from the Examiner of recorded information relating to his property or financial affairs, (e) Debtor's willful failure to appear in proper prosecution of this case; (f) Debtor's bad faith; (g) Debtor's misrepresentation of facts; (h) Debtor's unfair manipulation of the Bankruptcy Code; (i) Debtor's inequitable use of his bankruptcy petition for purposes of delay and hindering or defrauding creditors; and (j) Debtor's egregious behavior.  Debtor has not argued or presented any evidence contrary to Examiner's report.  The tentative ruling is that these things are sufficient for dismissal with a bar as set forth above.

      Third, the tentative ruling is that the reasons stated in the Menlo Response (dkt. 279) are sufficient for dismissal with a bar as set forth above. In addition to referencing the misconduct in Examiner's report, the Menlo Response highlights Debtor's failure to file MORs, violation of this Court's Procedures Order, lack of credible business operations or reorganization

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, November 18, 2025                                                              Hearing Room     1545

1:00 PM
CONT...        Meir Siboni                                                                              Chapter 11

prospects, evasive and incomplete responses to questions in mandatory bankruptcy filings (bankruptcy Schedules and MORs) and to questions from Examiner, violation of his duties as a debtor in possession (who is supposed to act as a fiduciary for the benefit of creditors), and "contempt for the oversight functions of Chapter 11."  Menlo Response (dkt. 279) p. 3:16-17 *and passim*.

    Proposed orders: Unless otherwise ordered, Frank Menlo is directed to lodge a proposed order on the matter addressed here via LOU within 7 days after the hearing date and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.  *See* LBR 9021-1(b)(1)(B).

    (b) Reserve jurisdiction to address any post-dismissal matters
    The tentative ruling is to continue the status conference as set forth below (see part "(2)(d)" below), and reserve jurisdiction to address any post-dismissal matters.  Among other things, the tentative ruling is that Examiner, Examiner's accountants, Examiner's attorneys, and any and all other persons who may have administrative claims should have **through 12/18/25** to file and serve applications for allowance of their fees and expenses and to lodge a proposed judgment against Debtor for the same.  Notwithstanding the foregoing deadline, the tentative ruling is that all such persons may elect not to expend the additional time and expense of pursuing such relief at this time, without prejudice to seeking such relief or any other appropriate relief at any point in future, including (i) from this Cout after dismissal and closing of this case, without having to reopen or vacate the dismissal of this case, or (ii) from any other court or other forum of competent jurisdiction.

(2) Dates/procedures.  This case was filed on 12/12/23, and was converted from chapter 13 to chapter 11 on 5/15/24 (dkt. 109).
        (a) Bar date:  2/20/24 (dkt. 23 & 24, the "Original Bar Date") and 7/1/24
            (dkt. 134, the "Supplemental Bar Date")
        (b) Procedures Order:  dkt. 108 (not timely served, but eventually
            served which gives notice of matters therein, dkt. 127)
        (c) Plan/Disclosure Statement:  TBD
        (d) Continued status conference: 1/20/26 at 1:00 p.m. No written status
            report required.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---|
| Tuesday, November 18, 2025 | Hearing Room 1545 |

### 1:00 PM
| | |
|---|---|
| CONT...       Meir Siboni | Chapter 11 |

**[PRIOR TENTATIVE RULING(S) OMITTED.** For principal issues, see Order on motion to dismiss case (dkt. 97); additional Order re same (dkt. 109); Order directing appointment of examiner (dkt. 169); Order to Show Cause (dkt. 274).]

| Party Information |
|---|

**Debtor(s):**

| | |
|---|---|
| Meir  Siboni | Represented By<br>Thomas B Ure |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _12/09/2025_ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ryan W Beall    rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com; cmeeker@go2.law
David I Brownstein    david@brownsteinfirm.com
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Daniel K Fujimoto    ecf@steelellp.com, rsoriano@steelellp.com
Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/09/2025 | /s/ Yolanda Segura | /s/ Yolanda Segura |
| Date | Printed Name | Signature |

**VIA ECF**

dfitzgerald@go2.law; golden.jeffreyi.b117954@notify.bestcase.com
Maya Hill    mhill@ttc.lacounty.gov
Elsa M Horowitz    ehorowitz@wrslawyers.com, jlee@wrslawyers.com
John P Kreis    jkreis@kreislaw.com, j.kreis@ca.rr.com
Ron Maroko    ron.maroko@usdoj.gov
Randall P Mroczynski    randym@cookseylaw.com
Shai S Oved    ssoesq@aol.com, Ovedlaw@hotmail.com
Kevin Ronk    Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law
Nikko Salvatore Stevens    nikko@cym.law, eService@cym.law,karen@cym.law,aileen@cym.law
John N Tedford    JNT@LNBYG.com, jnt@ecf.courtdrive.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Thomas B Ure    tom@urelawfirm.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
Johnny White    Jwhite@wrslawyers.com, jlee@wrslawyers.com
Paul P Young    paul@cym.law, eService@cym.law,karen@cym.law,
kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com; cmeeker@go2.law
David I Brownstein    david@brownsteinfirm.com
Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
Daniel K Fujimoto    ecf@steelellp.com, rsoriano@steelellp.com
Jeffrey I Golden    jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;